## HARRY S. LOCKE v. J. G. HAYTER and Others.[1]

November 14, 1913.

Nos. 18,241—(98).

**Innocent purchaser for value — evidence.**
1. Findings of the trial court to the effect that defendants were innocent purchasers for value of land which the mortgage sought to be foreclosed in this action purports to cover, *held* sustained by the evidence.

**Same — parol evidence to vary writing.**
2. As against an innocent purchaser for value, a deed absolute on its face cannot be shown by evidence *de hors* the record to be a mortgage.

Action in the district court for Wright county by the administrator of the estate of Katherine C. Locke, deceased, against J. G. Hay-

[1] Reported in 143 N. W. 917.

ter, James A. Maxwell, Henry H. Schrottky, Fred W. Borchardt and George G. Sawyer, to recover judgment upon a mortgage note; to obtain a decree that the deed from defendant Maxwell to defendant Hayter be adjudged a mortgage and a lien upon the premises described; and to foreclose the mortgage. The facts are stated in the opinion. The case was tried before Hale, J., who made findings and ordered judgment that defendant Sawyer was the owner of the land clear of plaintiff's mortgage, and that the action be dismissed. From an order denying plaintiff's motion for a new trial, he appealed. Affirmed.

*Harry S. Locke,* pro se.

*Henry Spindler* and *J. T. Alley,* for respondents Sawyer and Borchardt.

BUNN, J.

This action was to foreclose a mortgage given by defendant James A. Maxwell to plaintiff February 11, 1909, purporting to cover 200 acres of land in Wright county. The court found that defendant George E. Sawyer was the owner of the land free and clear of the plaintiff's mortgage, that plaintiff had no interest in or lien upon the land, and ordered judgment that the action be dismissed. A motion for a new trial was denied, and plaintiff appealed.

The facts are as follows: On and prior to November 30, 1908, James A. Maxwell owned a 40 acre tract of land, and Christina Maxwell, his mother, owned a quarter section. Both tracts were heavily encumbered by mortgages. On the date above mentioned, James A. gave a warranty deed to J. G. Hayter conveying his 40 acres, and Christina Maxwell gave to Hayter a like deed conveying her quarter section. These deeds were recorded December 3, 1908. On the date they were made, a contract was executed by which Hayter agreed to convey the lands to Christina and James A. Maxwell jointly at any time within two years from date upon the payment by them to Hayter of the sum of $516 at times specified. This contract provided that the Maxwells were to pay the interest on the mortgages on the property, and the taxes. In case of their failure to make any of the payments called for, it was provided that the contract

should be void upon Hayter's giving them 30 days' notice in writing of his intention to cancel and determine the contract. The contract was not recorded. The Maxwells failed to make a payment of $200 due November 30, 1909. On March 8, 1910, Hayter caused to be served on James A. and Christina Maxwell a written notice canceling the contract April 10, 1910, unless the amount due was paid before that date. This notice complied in all respects with the statute. The Maxwells did not pay. On April 18, 1910, they and Hayter entered into another contract or lease, by the terms of which they were to farm the land during the season of 1910, and to pay Hayter $602.20 as rent. The Maxwells remained in possession.

On May 31, 1910, Hayter executed a warranty deed of the land to Henry H. Schrottky. This deed was recorded June 1, 1910. October 17, 1911, Schrottky conveyed the land by warranty deed to the defendants Borchardt and Sawyer. This deed was recorded October 26, 1911. October 13, 1911, the Maxwells quitclaimed to Borchardt. After the commencement of this action Borchardt conveyed his interest to Sawyer. The claims of plaintiff were that the deeds of November 30, 1908, to Hayter, together with the contract of the same date, constitute a mortgage; that it had not been foreclosed, and that defendants Borchardt and Sawyer were not innocent purchasers as against plaintiff's mortgage. The trial court decided against these claims.

We find it necessary to consider but one point. We must hold that the evidence sustains the finding of the trial court that Borchardt and Sawyer were innocent purchasers. True, at the time they purchased, as well as at the time of Hayter's deed to Schrottky, the mortgage to plaintiff was of record. But the record also showed that the mortgagor, James A. Maxwell, had no title to any part of the land at the date the mortgage was given, and no title at any time to 160 acres of the 200 acres which he attempted to mortgage. There was nothing on record to show that the deed from the Maxwells to Hayter was not an absolute conveyance. Defendants knew that the Maxwells were in possession, but they were informed by the latter that they had no interest except as tenants of Hayter or Schrottky. The fact of possession was therefore not notice that the

123 M.—24.

deed to Hayter was not an absolute conveyance. Full value appears to have been paid. That Borchardt obtained a quitclaim deed from the Maxwells does not conclusively show that he knew they had any interest other than as tenants. We think the evidence considered as a whole amply supports the findings of the trial court that Schrottky, Borchardt and Sawyer ·were innocent purchasers for a valuable consideration. It therefore becomes immaterial whether the transaction between the Maxwells and Hayter was in fact a mortgage. It was not a mortgage on the face of the record, but an absolute conveyance. It is immaterial also whether, as against Hayter, plaintiff would be in a position to claim the transaction was a mortgage without asking the relief of reformation and offering to pay the debt or redeem. Certainly as against an innocent purchaser neither the Maxwells nor those claiming under them, can prove by evidence *de hors* the record that the deeds, absolute on their face, in fact constituted a mortgage. As against defendant Sawyer, plaintiff's mortgage is no lien on even the 40 acres formerly owned by the mortgagor. For the same reason the validity of the attempted cancelation of the land contract need not be considered.

Order affirmed.